182431 and 2432. Okay. My name is Erica Kirstein. Can you speak into the microphone? Sorry. My name is Erica Kirstein. My name is Erica Kirstein, here on behalf of Arct Insurance Company, as well as my co-defendant, U.S. Specialty Insurance Company. This case is about a forum battle, an insurance coverage dispute between the insurance companies and Pfizer. The problem here is that the district court did not make correct findings of fact or use the correct law in deciding to abstain from hearing this case. I plan to go over what the mistaken facts were, what the mistaken law was, and why, what the district court did in the end did not actually achieve any efficiency. The district court, in this case, made three orders. The first was to stay the Morabito action, which is the action we're here talking about. In staying the Morabito action, even from that very beginning, the district court confused it with the Jones action, which has absolutely nothing to do with the Morabito action. Aren't they related cases? Well, the Jones parties related it and asked for it to be heard in front of the same judge as our already pending suit. We had nothing to do with that, and we have no idea why. Did you object to it? We didn't object. At the time, I don't think we could have possibly foreseen that it would affect us in this way. It was an interesting ... But look, at the end of the day, even though the district court originally treated these two cases as being one, did all sorts of things which were peculiar because of what happened, but in the end, the district court was faced with the fact that in one case, this case, which is before a state court in Delaware, state court proceedings are going on, and your client has been asking for a declaratory judgment in federal court here, and that in cases of that sort, the Supreme Court in Brillhart in Wilton has been very clear that the general rule is going to be in the discretion of the district court to say no, and whatever other mistakes were made before, at the end, the district court said in the interest of justice, that is how I come out, and so everything else, every mistake, every confusion, everything that is going on is all by the side. Today, we don't have Colorado. We have a straight Brillhart-Wilton in which the district court used its discretion to say, sorry, the case is in state court in Delaware. Why isn't that the end of the whole thing? And very simply. Well, Your Honor, I understand your point, but the problem is that the district court applied mistaken facts and mistaken law, and never applied the correct abstention test here, and we were deprived not only . . . But what if . . . but it's not that hard. There's an ongoing state proceeding. You want a declaratory judgment. She says there's an ongoing state proceeding. Even if there are mistakes, and it happens in the district court every once in a while, but even if there are mistakes, the bottom line is that this is an abstention case. This is a . . . this is something that was within her discretion. Well, it was within the court's discretion, but the court first has to analyze the correct facts and the correct abstention doctrine, and the court didn't all along. Every time the court talked about another case pending . . . So what should we do? Send it back so somebody else can say, you know, utter the right words? That doesn't seem to make a whole lot of sense. Well, I think you have two options. One is to send it back and direct the district court to analyze this under the appropriate facts and the appropriate law, or the other is having now analyzed all of the abstention factors yourself to decide that there was no basis to abstain here. Well, and if we did the latter, isn't it perfectly obvious that this is a standard . . . I mean, I don't think we need to, but that this is a standard Wilton-Brilhart case. The case in Delaware is proceeding. It's deciding. I just noticed they're deciding what the choice of law is. It's going along. Why on earth should we tolerate somebody coming in and then asking the federal courts to interfere? Well, because, Your Honor, I don't think this would be interfering with any important issues of Delaware state law. That's what you say. This is a very unique case because there aren't other cases where there's contemporaneously filed . . . This is a fairly standard kind of a thing. You get somebody claiming in state court that an insurance company should pay. I don't know if they should pay or they shouldn't pay, but they're claiming that they should pay. So the insurance company instead goes to federal court and asks for a declaratory judgment saying we shouldn't pay. And what the Supreme Court has said, and quite clearly, is that in cases like this, you don't go into a Colorado, you don't go into a Michoud, you let the state court decide. Well, I don't think that's fair, and I think what the federal courts in New York have done in recent cases is to say that you must analyze the abstention factors, and if you haven't analyzed the abstention factors, it is not fair to just abstain. And that a federal court is in a very good position to decide choice of law, and a federal court is completely within its rights to decide on state law issues and apply state law, especially here . . . I'm not big on federal courts deciding state law issues, you know? Federal courts decide state law issues all the time, and here there's no . . . And court judges don't like it either. There's no important issue of Delaware law to be decided. This is a straight contract dispute, and New York law should apply, and under New York choice of law rules, that's clear as day. There's hardly any connection to Delaware. This case should never have been in Delaware, and the point is that . . . You're saying that there are sufficient complications and not enough on the record for us to decide the Wilton-Grillhart abstention issue, and that it should be at least sent back, is that right? Well, I do think there's enough on the record. I don't think the district court did its job in considering the record, so I think you have two choices. I don't want to disagree with you that the district court got mixed up at any number of stages of this, and it wasn't particularly its fault because there were several different cases and confusion and so on, but my question is, once it got over all those mix-ups, at the end, when it said in the interest of justice, this is what should be, it wasn't actually doing substantively what we ask of courts to do. Right, but the court was confused about how justice would be obtained. The district court believed that these two actions are going to be sent to Delaware and be litigated together and that it would save some judicial resources, and they're being litigated in completely separate courts and will have nothing to do with one another, so us being stripped of the opportunity to have our forum nonconvenience motion decided and to be in New York court where we should be is just completely unjust because the judge only decided the Jones case and never took a look at our case based on the facts or the applicable law. Okay, thank you. Thank you. Good afternoon, your honors. May it please the court. My name is Mark Ladd, counsel for defendant Apelli Fizer in this forum appeal. I just want to touch on one of the last things that my opposing counsel just said, and that was that the district court here unfairly stripped the insurance companies of their right to argue forum nonconvenience in the Delaware court. That did not happen. What happened was the district court dismissed this case properly under Brillhart and Wilton standard, and then the insurers withdrew their motion to dismiss on forum nonconvenience and in its place filed a motion on the merits to have the Delaware state court judge decide the merits of this coverage dispute under state law. When you say that the district court dismissed under Wilton, Bill Hart, where did it do that? I thought that it dismissed based on the first, I'm sorry, I'm sorry that it dismissed based on the first file rule. It dismissed the related nearly identical Jones action under the first filed rule. When the insurers here before you wrote to the district court and said that I believe you made our dismissal an error, our motion to dismiss in state court is still pending, the district court clarified its order and said, while I was dismissing the Jones related action under the first filed rule, I'm dismissing your case in the interest of justice and judicial efficiency, and that is what was achieved. Now we don't have two duplicate actions pending in competing courts, state and federal. Instead, this coverage dispute is going forward on the merits in Delaware state court where the natural plaintiff, Fizer, had every right to file its lawsuit seeking coverage for its directors and officers under Delaware law. Now to my opposing counsel's argument that the district court was required and must analyze certain factors explicitly, that's never been the standard in the second circuit, and in fact the second circuit has said that it does not hold district courts to the standard of draconian explanation of every single factor, and that ties into the standard that's at issue here, which is abuse of discretion. The district court only abuses its discretion where there is no reasonable basis for its decision. Here, the district court, across three orders, said all of the relevant factors that would pertain to a dismissal under its broad discretion under declaratory judgment action. It said these are duplicate actions. It said the parties are seeking the same relief. It said that all of the convenience factors that could point to New York, they were Fizer's. Neither of the insurance companies are in New York, and it said there were no special circumstances that would warrant this federal proceeding to take precedent in front of a state proceeding. Would this be any different if the Delaware court found that the appropriate law was New York law? No, Your Honor. The Delaware state court, if it were to find New York law applies, is perfectly capable of applying New York law. At least as capable as a federal court is of finding New York law. That's correct, Your Honor, and I currently have two cases pending before the Delaware state court where they are applying New York law, and they're doing an excellent job at it. So, no, that would not be an issue. It would still proceed as it should in Delaware state court, and as Your Honor mentioned during my opposing counsel's presentation . . . I don't believe so. I'm not sure on that. I don't know. I mean, you know, different states have different things which they take. Delaware will accept anything on certification from anywhere, from a dog walking, because they like to be able to decide their own thing. But I don't know if it can work the other way, which might say something. I have had experience where the Delaware Supreme Court did certify issues of New York law to the New York Court of Appeals. That happened . . . That can happen, yes. Yes. That happened in one of my matters, Viking Pump. But I think I would actually piggyback on my opposing counsel's response to the panel, which is these are straightforward issues of contract interpretation. So I don't envision the need for that in terms of the issues at bar. Your view is that the district court actually applied the Wilton-Brillhart abstention factor? That is correct, Your Honor. I believe that there is sufficient evidence. While the court did not explicitly cite Wilton or Brillhart, it was frankly under no obligation to do so. But if you look . . . If we disagree with you, if we were just hypothetically to disagree with you, what should we do? If you disagree with that first point, Your Honor, I would ask that you would agree with my second point, which would be that based on your own finding of the record in this case, that every single factor that would fall under . . . So I'm usually reluctant to do that. I mean, one of our jobs is to figure out issues of the relationship between different federal courts and the different levels and so on. And these are discretionary matters. We're not usually in the business of exercising discretion. We leave that to the much more capable district court judges. But you're telling me that it applied, exactly the right test. Yes. Yes, I am, Your Honor. But are you essentially saying that if we find that the district court did not exercise its discretion, we are in a position to say that as a matter of law, it should have exercised its discretion under Wilton and Brillhart and thrown it out so that we can do it? Because otherwise, you're asking us to steal the discretionary authority of a district court, which I don't like to do. I don't want to ask the panel to do that. What I would say is that the Second Circuit has held that if there is evidence in the record that would support a finding under a different abstention doctrine than the one relied on by the district court, then the Second Circuit is free to do that. When you said you held that, where was that? That is under, that's a case we cited, Liberty Mutual Insurance Company versus Hurlbutt. That's a 2009 Second Circuit case where the district court actually incorrectly relied on a younger abstention doctrine. And what the Second Circuit did is that while it felt that the facts did not fall under the younger abstention doctrine, it nevertheless said, we agree that abstention is appropriate but rely on a different precedent and relied on the Buford abstention doctrine. So if the court were to find that Judge Forrest at the district court still mistakenly, even being presented with the facts that their action was pending in state court, still relied on the first file doctrine, the Second Circuit has the ability to look at the evidence in the record and rely on a different doctrine of abstention. You could do that by a summary order. Okay. Thank you very much. Yes, you could, Your Honor. Thank you. A few quick points in response. The district court had stayed this action pending the important decision on the form nonconvenience issue that was pending in Delaware. We were deprived of the outcome of that because the district court didn't await that decision as the district court had said they would. The district court also really had no basis to find judicial efficiency. So I don't think this court should find, based on a different abstention doctrine, that the district court correctly abstained because the two cases were and remain completely separate. They're different underlying litigations for which Pfizer is seeking different policy limits from different insurers and they have nothing to do with each other. So I don't see how we come to an outcome where it's judicially efficient to have it in Delaware versus New York. In either case, there's two cases pending and there's no efficiency obtained by sending this one to Delaware. I also want to make the point that this is not an issue of important or complex state law that Delaware should have preference in deciding. This is an issue that should be decided under New York law and the federal court should not be giving Delaware any preference. These two actions were contemporaneously filed. There's no issue of first filed or vexatious filing here. We were permitted to and filed in the correct forum and we should be entitled to a decision on that. I also want to point out that the district court got the facts completely wrong and never applied the right law and we should be entitled to a decision on the right facts and the right law. You just, you agreed when you got up the first time that we could deal with this issue. If you applied the right facts and the right law, correct, but I don't understand how we get to an outcome where the district court is correct to say that there's any judicial efficiency by sending this to Delaware instead of in New York. It's saying sending it to Delaware. It is in Delaware. Well, if I could just address that briefly, there is one issue that will be decided by the Delaware court. There is barely any progress that has been made. If we lose that one issue, there are three issues to litigate from inception. There has been no progress on those issues and there's no reason why the New York court can't hear those issues from inception. Thank you very much. Thank you. We'll reserve decision. The final matter on today's calendar is Garung v. Barr, which is on submission and as to which we'll reserve decision and court is adjourned. Thank you.